IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
OCT 0 1 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| David Lorenza Joyner | § § § § |
| vs. | § § § § § |
| Pam Esquivel, et al | § |

Misc. Cause No. B-99-031

## INITIAL ORDER

David Lorenza Joyner, a prisoner proceeding *pro se* filed this civil rights complaint under 42 U.S.C. § 1983. The plaintiff claims indigence and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915(a).

When a plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). The determination whether an action is dismissible under these grounds may be made prior to service of process. Therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915(d). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

The facts of this case have not been sufficiently developed to enable to the court to determine

whether this action should proceed and service of process should be ordered, or whether it is dismissible. The plaintiff may be requested to furnish a more definite statement of facts, see, e.g., *Watson v. Ault*, 525 F.2d 886, 893 (5th Cir. 1976), and, in addition, a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), may be necessary to further clarify the factual underpinnings of the claims. *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986).

Accordingly, the plaintiff's complaint shall be filed and the application to proceed in forma pauperis is **GRANTED**. Plaintiff will be assessed an initial partial filing fee and will be required to pay the statutory filing fee of $120.00. *See* 28 U.S.C. § 1915(b)(1) & (2). An initial partial filing fee of **$10.00** is **ASSESSED** by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Further proceedings are **STAYED** until the court makes the appropriate determination under 28 U.S.C. § 1915(d). *See, e.g., Mitchell v. Sheriff Dept., Lubbock County*, 995 F.2d 60 (5th Cir. 1993). The plaintiff shall file no motions and shall conduct no discovery until authorized by the court. Any motion filed or discovery initiated or conducted in violation of this order will be stricken.

Parties are reminded of the requirements of FED. R. CIV. P. 11; plaintiff in particular is advised that, though he proceeds *pro se*, this is a civil action in which a signature on pleadings is a declaration that the allegations in the pleadings are true, to the best of plaintiff's knowledge. If the allegations are not true, plaintiff may be subject to sanctions including, but not limited to:

(1)   automatic striking of the pleading or other document;

(2)   dismissal of the action;

(3)   an order to pay to the other party the reasonable expenses incurred because of the pleading or other document, including attorney's fees; and

(4)   monetary fines.

The Clerk will provide copies of this order to the parties.

SIGNED at Brownsville, Texas, on this the 29 day of September, 1999.

John William Black
United States Magistrate Judge

ClibPDF - www.fastio.com